**Leslie LINDSEY, Respondent,**

v.

**Jeffery JOHNSON, Appellant.**

No. 44196.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 27, 1982.

Roy A. Walther, III, St. Louis, for appellant.

Martin Lipsitz, St. Louis, for respondent.

CLEMENS, Senior Judge.

Plaintiff-owner Leslie Lindsey took his car to defendant-mechanic Jeffery Johnson's service station for repairs and have a motor replaced. While there for over six months the car was cannibalized and never repaired. Plaintiff sold the car for scrap.

In the court-tried case plaintiff got judgment for $500. Defendant appeals, contending solely there was no substantial value evidence. We rule that issue against defendant.

Replying to questions about the car's fair market value plaintiff testified it was worth $2,000 to him.

Defendant cites *Bridgeforth v. Proffitt*, 490 S.W.2d 416[12–15] (Mo.App.1973) holding there was no evidence of fair market value where the owner testified only to what items cost or were worth. Not so here; the owner went further and testified to the car's fair market value. An owner may so testify without further qualification. *Casada v. Hamby Excavating Co., Inc.*, 575 S.W.2d 851[1–3] (Mo.App.1978).

And there was further evidence of plaintiff's damages. A veteran auto repairman testified the cost of repairing plaintiff's car would be $1,800. Such testimony is relevant in determining an owner's damage. *Jack L. Baker Cos. v. Pasley Mfg. & Distrib. Co.*, 413 S.W.2d 268[7] (Mo.1967), and *Hayes v. Dalton*, 257 S.W.2d 198[2–3] (Mo.App. 1953).

We hold there was substantial evidence to support the trial court's judgment.

Affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.